# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**LEONARD CANTLEY,**
**Claimant Below, Petitioner**

**FILED**
**April 25, 2019**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0571** (BOR Appeal No. 2052350)
                    (Claim No. 2015016158)

**BECKLEY STEEL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Leonard Cantley, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Beckley Steel, Inc., by Daniel G. Murdock, its attorney, filed a timely response.

The issues on appeal are temporary total disability benefits, an additional compensable condition, and medical benefits. On September 21, 2016, the claims administrator denied temporary total disability benefits from January 20, 2015, through August 30, 2016. In a separate decision that day, the claims administrator also denied a consultation with Rajesh Patel, M.D. On October 21, 2016, the claims administrator denied the addition of disc herniation to the claim. The Office of Judges affirmed the decisions in its December 1, 2017, Order. The Order was affirmed by the Board of Review on May 25, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cantley, a truck loader, was injured in the course of his employment on November 5, 2014, while lifting a piece of iron. The Employer's Report of Injury indicates Mr. Cantley was injured on November 5, 2014, and reported the injury to his supervisor, Robert Palmer. The injury was listed as back sprain/strain. The Employee's and Physician's Report of Injury indicates Mr. Cantley was lifting a piece of iron when he felt something pop in his back. He was diagnosed with a lumbar sprain and released to return to modified duty on November 10, 2014, with restrictions in bending/stooping, lifting, kneeling, walking, and standing.

1

Prior to the compensable injury, Mr. Cantley had a history of lower back injuries. A lumbar x-ray taken on March 3, 2010, showed spondylosis at multiple levels including T12-L6 with loss of disc space height at every level. There were multiple interbody disc herniations and it was noted that he may have Scheuermann's disease. There was also facet arthropathy at L4-5 and L5-S1. A November 13, 2010, lumbar x-ray was compared to the prior x-ray. The impression was osteoarthritic changes of the lumbar articular facet joint, diffuse narrowing of lumbar intervertebral disc spaces, and no evidence of acute fractures. Lumbar x-rays taken on May 19, 2013, showed chronic degenerative disc disease.

Mr. Cantley testified in a deposition on June 10, 2015, that on the date of injury, he picked up a piece of iron and felt a pop in his back. He finished his shift out of fear of losing his job. He attempted to work the following day but quickly realized he was unable to perform his duties. He filed an accident report and sought treatment at MedExpress. Mr. Cantley stated that he underwent x-rays but authorization for an MRI was denied. He stated that he then went to Raleigh General Hospital where a CT scan revealed bulging discs. Mr. Cantley admitted that he had previously injured his back at work and was off for four days, but asserted that the current injury felt different in that he can hardly pick his legs up now. He stated that prior to the November 5, 2014, injury, he was not having any back problems and was on no medication. He was not under a physician's care at the time of the deposition.

On January 13, 2016, ChuanFang Jin, M.D., completed a file review report in which she opined that there was no persuasive medical evidence to support the assumption that there was a work-related injury to the lumbar spine. She asserted that Mr. Cantley's clinical symptoms are part of the natural history of degenerative lumbar disc disease, as shown on a March 3, 2010, x-ray. Dr. Jin opined that Mr. Cantley's treatment history since 2001 shows chronic degenerative disc disease gradually worsening over time. She found no diagnosis for a workers' compensation claim since the symptoms are difficult to differentiate from a mechanical strain type of injury. She opined that if an injury did occur, it would have been a sprain/strain type of injury, which heals in a few weeks or months. Dr. Jin stated that Mr. Cantley's current symptoms are unlikely from a sprain and are likely due to chronic degenerative disc disease, which commonly causes chronic symptoms. She recommended no additional medical treatment.

A treatment note from MedExpress dated May 9, 2016, indicates Mr. Cantley was seen for follow-up for his compensable injury. The assessment was lumbar sprain. Mr. Cantley was taken off of work until after an MRI and an appointment with Rajesh Patel, M.D. On June 16, 2016, Paul Bachwitt, M.D., performed an independent medical evaluation and found that Mr. Cantley had reached maximum medical improvement. He found no clinical findings of a herniated disc on his examination. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Bachwitt found 5% lumbar spine impairment due to the compensable injury. He stated that it would not be unreasonable to perform a lumbar MRI, but he doubted it would show anything. Dr. Bachwitt further opined that a neurosurgical referral was unnecessary and that Mr. Cantley's current complaints were related to his multiple prior back injuries and preexisting degenerative changes.

A lumbar MRI performed on August 30, 2016, showed disc herniations and degeneration at L2-3, L3-4, L4-5, and L5-S1. It also showed osteoarthritic vertebral body lipping and facet hyperostosis. Mr. Cantley stated in a September 14, 2016, affidavit that he sought treatment at MedExpress until he was forced to discontinue treatment because the claim was rejected. Once it was held compensable, he resumed treatment.

On June 10, 2016, the claims administrator denied a request for temporary total disability benefits from January 20, 2015, through May 9, 2016. On September 21, 2016, the claims administrator denied temporary total disability benefits from January 20, 2015, through August 30, 2016. That same day, it also denied a consultation with Dr. Patel. On October 21, 2016, the claims administrator denied the addition of disc herniation to the claim. The Office of Judges reversed the June 10, 2016, claims administrator's decision on November 28, 2016, and granted temporary total disability benefits from January 20, 2016, through June 16, 2016. On March 13, 2017, the Board of Review reversed the decision and granted temporary total disability benefits from January 20, 2015, through June 16, 2016. That decision was affirmed by this Court.

In a January 11, 2017, email, Mintie Pritchard, PA-C, stated that Mr. Cantley was seen several times for his lower back. Two years later, he finally had an MRI which showed disc herniations from L2-S1 as well as osteoarthritis and degenerative changes. Ms. Pritchard noted that since the MRI was taken nearly two years after the compensable injury occurred, it was impossible to determine the cause of the herniations. She stated that there is no way to determine if Mr. Cantley has reached maximum medical improvement since he has chronic back issues and did not receive the proper initial treatment.

In a June 14, 2017, independent medical evaluation, Dr. Jin found that Mr. Cantley had reached maximum medical improvement. She stated that the lumbar sprain/strain was a self-limiting soft tissue injury. She found the diagnosis to be appropriate given the reported injury and medical records. She noted that multiple diagnostic images were taken and showed preexisting lumbar degenerative disc disease. Dr. Jin assessed 5% impairment. She opined that the lumbar disc herniation is likely the result of natural degenerative spine disease. She stated that multiple level disc herniations in different directions is not consistent with traumatic disc herniation. Most significantly, there was no evidence of disc herniation symptoms when Mr. Cantley was initially treated for the compensable injury. Dr. Jin concluded that the medical evidence shows that Mr. Cantley has multiple, non-traumatic, degenerative disc herniations, which are likely acute and not the result of the compensable injury.

The Office of Judges affirmed the claims administrator's decisions denying temporary total disability benefits from January 20, 2015, through August 30, 2016; a consultation with Dr. Patel; and the addition of disc herniation to the claim in its December 1, 2017, Order. It found that the disc herniations are not compensable diagnoses based on the opinions of Drs. Jin and Bachwitt. Dr. Bachwitt found in his report, after reviewing the medical evidence and examining Mr. Cantley, that he had reached maximum medical improvement for his compensable injury. He opined that Mr. Cantley's current complaints are related to multiple prior low back injuries and preexisting degenerative changes in the lumbar spine. Dr. Jin also examined Mr. Cantley and found that the appropriate diagnosis for his claim is lumbar sprain. Dr. Jin noted that objective testing shows disc

herniations; however, she opined that the herniations are the result of preexisting lumbar spine disease. The Office of Judges found Dr. Jin's opinion to be reliable and entitled to great evidentiary weight. Dr. Jin explained that the most common cause of disc herniation is degeneration. She also noted that per medical literature, only extruding type disc herniations are significant for symptoms. Mr. Cantley's MRI showed no extruding disc herniations. She also stated that multiple herniations in different directions do not correspond with a traumatic injury. Further, there is no evidence of disc herniation symptoms in Mr. Cantley's initial treatment notes. Dr. Jin concluded that the medical evidence suggests non-traumatic degenerative disc herniations, which are not related to the compensable injury.

Regarding temporary total disability benefits, the Office of Judges found that the Board of Review previously granted temporary total disability benefits from May 9, 2016, through June 16, 2016.[1] Mr. Cantley treated at MedExpress on May 9, 2016, and was taken off of work due to the compensable injury. He was found to be at maximum medical improvement by Dr. Bachwitt on June 16, 2016. The Office of Judges concluded that the evidence shows Mr. Cantley's inability to return to work past June 16, 2016, is not due to the compensable injury. Lastly, the Office of Judges determined that since the claim is compensable only for lumbar sprain, a neurosurgical consultation is not appropriate or necessary treatment for the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 25, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. A preponderance of the medical evidence shows that Mr. Cantley's lumbar disc herniations are not related to the compensable injury. Temporary total disability benefits were properly suspended once he reached maximum medical improvement. Lastly, a neurosurgical consultation is not necessary or appropriate treatment for a lumbar sprain.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[1] That decision was affirmed by this Court on February 23, 2018.